**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SALMINEO ANTHONY BAUTISTA,
AKA Sal Bautista

Defendant - Appellant.

No. 11-10310

D.C. No. CR 2:10-1387- PGR

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Paul G. Rosenblatt, Senior District Judge, Presiding

Argued and Submitted May 18, 2012
San Francisco, California

Before: CLIFTON and N.R. SMITH, Circuit Judges, and SELNA, District Judge.[**]

Salmineo Bautista conditionally pled guilty to violating 18 U.S.C. § 2 and 21

U.S.C. §§ 841(a)(1) and (b)(1)(D).  He appeals the district court's denial of his

motion to suppress statements and evidence obtained from a traffic stop of a vehicle

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.
[**]    The Honorable James V. Selna, District Judge for the U.S. District
Court for Central California, sitting by designation.

in which he was a passenger. Bautista contends the traffic stop violated his Fourth Amendment rights because it was not supported by individualized reasonable suspicion of criminal activity. We conclude that the factual findings the district court made and relied on for its reasonable suspicion determination were not clearly erroneous. Considering the permissible factors present, there was reasonable suspicion of criminal activity. We therefore affirm.

"[L]aw enforcement agents may briefly stop a moving automobile to investigate a reasonable suspicion that its occupants are involved in criminal activity." *United States v. Hensley*, 469 U.S. 221, 226 (1985) (citing *United States v. Brignoni-Ponce*, 422 U.S. 873, 881 (1975)). Such a stop is a Fourth Amendment seizure of "everyone in the vehicle" and each occupant has standing to challenge the stop. *Brendlin v. California*, 551 U.S. 249, 255 (2007). Reasonable suspicion must be "formed by specific, articulable facts which, together with objective and reasonable inferences, form the basis for suspecting that the particular person detained is engaged in criminal activity." *United States v. Thompson*, 282 F.3d 673, 678 (9th Cir. 2002) (internal quotation marks omitted).

After an evidentiary hearing on the motion to suppress, the district court found (1) that the stop occurred on a "lonely road well known to be a smuggling route"; (2) that the vehicle was traveling in tandem with another vehicle, which is

2

consistent with smuggling activity; (3) that both drivers appeared to be concealing their faces by drinking as they passed the border patrol vehicle; and (4) that the rope flapping from the car was characteristically associated with marijuana smuggling and was not used to hold down the trunk. None of these findings are clearly erroneous because they are not illogical or implausible and are supported by inferences from the record. *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc).

It is an error to rely on facts that are insufficiently particular and would encompass large segments of the law-abiding population. *United States v. Montero-Camargo*, 208 F.3d 1122, 1131-37 (9th Cir. 2000) (en banc) (finding it error to consider the Hispanic appearance of vehicle occupants and one occupant's eye contact with officers followed by reading a newspaper). We find it was error to rely on the drivers taking a drink because such action is less particular than reading a newspaper and likely such common driver behavior it would encompass large segments of the law-abiding population. *Compare id*. at 1135, 1137, *with United States v. Johnson*, 581 F.3d 994, 1000 (9th Cir. 2009) (relying in part on the fact that one of the defendant's associates "flipped up the hood on his hooded sweatshirt, which could aid in concealing his identity" after entering a bank). However, all the remaining factors are sufficiently particular to support permissible

3

reliance. *See United States v. Palos-Marquez*, 591 F.3d 1272, 1277 (9th Cir. 2010); *Montero-Camargo*, 208 F.3d at 1139.

To evaluate whether a stop was supported by reasonable suspicion a court considers "whether, in light of the totality of the circumstances, the officer had a particularized and objective basis" for suspecting the detainee was engaged in criminal activity. *Palos-Marquez*, 591 F.3d at 1274-75 (citation and internal quotation marks omitted). Based on the remaining permissibly considered factors, we find there was a sufficient basis to objectively form a reasonable suspicion of criminal activity. *See United States v. Diaz-Juarez*, 299 F.3d 1138, 1141-42 (9th Cir. 2002) (finding reasonable suspicion existed based on history of drug trafficking in the region, proximity to the border, unusual characteristics of the car, and driving behavior). Accordingly, the motion to suppress was properly denied.

**AFFIRMED.**